WILLIAMS, Judge.
Defendant Sylvester White appeals his convictions of La.R.S. 14:42.1 (forcible rape) and La.R.S. 14:89.1 (aggravated crime against nature). Defendant was sentenced to serve forty years at hard labor without benefit of good time, probation or parole for the first two years on the first charge. He was sentenced to serve ten years at hard labor on the second charge. These sentences were to run concurrently. Defendant assigns five errors in the court below as a basis for this appeal of his conviction.
The following facts were adduced at trial: At about five a.m., July 14, 1984, two women and a man left a nightclub to walk home. The man left the group, and the women continued walking toward their home, when they noticed that a man was following them. One of the women screamed, and both began to run. Their companion returned when he heard the *342 screams. The gunman took the victims into an alley, searched them for money, and then ordered one of the women to remove her clothing. He then raped the woman. During the course of this rape, three men, defendant Sylvester White, John Dabney, and John Marshall appeared. The gunman asked the three men if they “wanted some of the action.” Marshall recognized the woman who had been raped as a friend, and told the gunman, who allowed her to leave with him (Marshall). The gunman and the other two remaining men took turns raping the other woman. She was also forced to engage in oral sex. A police officer arrived upon the scene and the men scattered in different directions. The officer captured John Dabney who was identified at the scene by the victims. Although neither of the victims could identify White, John Marshall testified that the two men who were with him that night were John Dabney and Sylvester White.
ASSIGNMENT OF ERROR NO. 1
Defendant argues that the trial court was in error in allowing the introduction of hearsay evidence, indicating that one of the other perpetrators of the offense, John Dabney, identified defendant. The following exchange took place during the prosecution’s examination of the police officer:
Q Could you explain to the jury how you were personally involved in this investigation?
A Yes, sir. I was with Detective Bailey. Sargeant Frank Ben had answered a call — he is a uniformed sargeant — of a rape in progress. He arrived on the scene shortly thereafter and apprehended one subject.
Q Do you know who that was?
A Yes, sir, I believe it was one Dabney, Mr. Dabney. We conducted an investigation from that point.
Q Did that investigation involve your talking to John Dabney, without telling us what John Dabney may have said?
A Did it involve him, yes, sir. He was involved.
Q Did you, in fact, talk to John Dab-ney?
A Yes, sir.
Q Pursuant to your investigation and after speaking to John Dabney—
******
Q Pursuant to your actions in this investigation, could you tell the jury whether you were looking for an additional subject?
A Yes. Actually, we were looking for two additional suspects. There were three men involved.
Q Could you explain to the jury what actions you took in trying to locate this additional suspect or these additional suspects?
A We interviewed the females and found later that one had — that a man had assisted one—
MS. COLE:'
Objection, Your Honor.
THE COURT:
You may not tell us what anybody told you. You can only tell us what you did after whatever somebody told you.
THE WITNESS:
Yes, ma’am.
BY MR. KOHNKE:
Q Without telling us what anyone may have said to you, Detective Hoyt, tell the jury what you did, what actions you took in ultimately making an arrest?
At this point, the witness explained how defendant was arrested as a result of the investigation.
Hearsay evidence is an out of court statement being offered to show the truth of the matter asserted therein. See State v. Martin, 356 So.2d 1370 (La.1978). The testimony elicited at the trial in this case, was not hearsay, because it was not offered for the truth of the matter asserted therein. The witness was cautioned against giving hearsay. The testimony simply established the basis for defendant’s arrest. “The statements of the out-of-court witness [es] to the crime whether true or not formed the basis for the officer to believe that an offense had been commit *343 ted and that the defendant had committed the offense.” State v. Bazile, 386 So.2d 349, 353 (La.1980). For this reason the trial court properly allowed the testimony to be introduced into evidence.
ASSIGNMENT OF ERROR NO. 2
The defense argues that the trial court erred in allowing the Assistant District Attorney to comment on allegedly inadmissible hearsay evidence in his closing argument. The evidence to which the defendant refers, is the same evidence which we have held was not hearsay.
Article 774 of the Louisiana Code of Criminal Procedure provides that the scope of closing argument is confined in part to the evidence admitted, the lack of evidence, and conclusions of fact that the state or defendant may draw therefrom. Because we have held that the testimony of the police officer was properly admitted, the argument put forth by the prosecution clearly falls within the scope of Article 774. Furthermore, even assuming arguendo that the remarks were outside of the ambit of Article 774, we do not find that a jury would be so influenced by the remarks that they would have contributed to the verdict. See State v. Robertson, 480 So.2d 410 (La.App. 4th Cir.1985).
ASSIGNMENT OF ERROR NO. 3
By this assignment of error, the defense contends that the trial court was in error in restricting the voir dire of prospective jurors. During voir dire, the following exchange took place:
DEFENSE COUNSEL: Okay. I think there is a common misconception that needs to be addressed. That is that if the jury is wrong, if they make a mistake, it’s going to be corrected on appeal. Well, that isn’t so.
STATE: Your Honor, I object. I don’t see—
THE COURT: Objection is sustained.
STATE: Thank you, Your Honor.
DEFENSE COUNSEL: You will be the sole judges of the facts. Nobody is going to look at your decision on that score. Now, an Appeals Court will look at—
STATE: Your Honor, objection.
THE COURT: The objection was sustained, Ms. Cole, and I order you to go on and move to something else.
DEFENSE COUNSEL: Please note my objection for the record, Your Honor.
The defense claims that it was prejudiced because it was not permitted to pursue “a legitimate line of inquiry with potential jurors.” The scope of examination of prospective jurors is within the discretion of the trial judge. La.C.Cr.Pr. art. 786. Notwithstanding the discretion of the trial court, a voir dire cannot be so restrictive as to deprive defense counsel of an opportunity to probe so as to intelligently exercise his peremptory challenges. State v. Williams, 457 So.2d 610 (La.1984). We have reviewed the entire voir dire, however, and we do not find it to be so restrictive in its entirety so as to have prevented the defense counsel from intelligently exercising his peremptory challenges. State v. Jackson, 358 So.2d 1263 (La.1978). It appears that the defense counsel simply was restricted from giving an explanation of the appellate process to the jurors.
ASSIGNMENT OF ERROR NO. 4
Defendant argues that the trial court erred in refusing defense counsel’s request for an in-camera inspection of an investigating officer’s police report. The defense contends that counsel was unable to effectively cross-examine the officer to establish contradictions and material inconsistencies.
The trial judge conducted an in-camera inspection of the police report prior to trial, in order to determine whether it contained evidence which was favorable to the defendant. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). What the defense requested was a second in-camera inspection of the report during the trial. There is no requirement that a second inspection be held, and we do not, therefore, hold that the trial court abused its discretion in refusing to do so.
This assignment of error is without merit.
*344 ASSIGNMENT OF ERROR NO. 5
By this assignment of error, defendant alleges that the evidence used to convict him of both crimes was insufficient. At trial, one of the victims testified that she was raped vaginally by all three men who remained at the scene after Marshall left. She also testified that all three men forced her to perform oral sex. Although the three perpetrators were not identified by the victim, Marshall testified that defendant was with him that evening and that the crimes occurred right after he left him.
We have reviewed the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of facts could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
We conclude that the evidence used to convict defendant of the crimes was sufficient and that this assignment of error is without merit.
For the foregoing reasons, defendant’s convictions are affirmed.
AFFIRMED.