606 So.2d 787 (1992)
STATE ex rel. Sylvester WHITE
v.
STATE of Louisiana.
No. 92-KK-0227.
Supreme Court of Louisiana.
October 19, 1992.
Concurring Opinion October 22, 1992.
*788 Elizabeth W. Cole, New Orleans, for applicant.
Richard Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Mark D. Pethke, Robyn C. Gulledge, Asst. Dist. Attys., for respondent.
WATSON, Justice.
On February 6, 1985, Sylvester White was convicted of forcible rape (LSA-R.S. 14:42.1), and aggravated crime against nature (LSA-R.S. 14:89.1). State v. White, 495 So.2d 340 (4th Cir.1986), writ denied, 498 So.2d 752 (La.1986). White received concurrent sentences of forty and ten years. After serving over seven years, White applied for post-conviction relief, charging violation of constitutional rights.
An arresting officer must advise a person taken into custody of the constitutional right to counsel and the right to remain silent. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966). If a statement is taken without an attorney present, the government must prove that the defendant knowingly and intelligently waived those rights. Id. There is a presumption against waiver which the prosecution must rebut. Tague v. Louisiana, 444 U.S. 469, 100 S.Ct. 652, 62 L.Ed.2d 622 (1980).
Because the waiver issue was not considered on White's direct appeal, this court granted White's application for supervisory writs and remanded to the trial court for an evidentiary hearing on the waiver of his Miranda rights. State ex rel White v. State, 566 So.2d 965 (La.1990). After a hearing, the trial court denied post-conviction relief and a divided court of appeal denied a writ. This court then granted a writ to review the question of whether White made a valid waiver of his Miranda rights. 597 So.2d 1016 (La.1992).
On July 14, 1984, at about 5:00 a.m., two women and a man were accosted by a gunman in the Magnolia Housing Project. The three victims braced against an alley wall and the gunman raped the first woman. John Marshall happened on the scene with Sylvester White and John Dabney. Marshall intervened on behalf of the first rape victim, who left with him.
John Dabney joined the gunman in raping the remaining woman.
According to the first rape victim, a third man at the scene was holding a bike. She could not identify him, although she identified Dabney and could have identified the gunman if she had seen him again.
The male victim testified that two men raped the second female victim, one in back and the other in front. He said he would recognize both of them but could not identify the third man present.
According to the second female victim, she was raped, vaginally and orally, by three men. She identified Dabney and testified that she would recognize the gunman if she saw him again. Although she knew Sylvester White and had lived next door to his family, she could not identify him as the third rapist.
When Sergeant Frank Ben arrived at the crime scene, he observed two victims and three other men. Dabney had his pants down and was ejaculating on the male and female victims. Tests showed seminal fluid on the woman's forehead and left arm. Dabney was captured and committed to the Feliciana Forensic Facility because he was incompetent. The gunman escaped. The third man disappeared very quickly.
The description of the third man did not fit White. He was not identified by any of the victims, and there was no physical evidence linking him to the crime.
The independent evidence placing White at the scene was the testimony of John Marshall. Marshall, first admitted to the Mandeville Mental Facility at the age of 15 and released just before these crimes, maintained his stability with three medications. He referred to Sylvester White as "Vest", "Sylvest", "Sylvester Stalone" and *789 then asked if he could call him "Sylvester." After the rapes, Marshall knew the police were coming to his house because: "the Lord gave me a signal, sent the Holy Spirit to me." His testimony is not persuasive.
Other than Marshall's testimony, the only evidence placing White at the crime scene was an oral statement in which White admitted being present.
The arrest report by Officer Larry Smith showed that White's rights were not waived. White did not give Smith a statement. Officer Smith released White to Detectives Bailey and Hoyt at their office.
Detective Rodney Bailey testified that Sylvester White signed a form indicating understanding of his Miranda rights in the presence of Bailey's partner, Donald Hoyt. When the form could not be found, Bailey admitted that it did not exist. Bailey took no notes from White's oral statement and did not record the statement. Bailey claimed that White waived his rights orally. Bailey testified that White said: "I was there but I didn't do anything." Hoyt admitted that he didn't know whether White waived his rights or not.
According to White, he was not advised of his rights and his only statement was that he had lived in the Magnolia project for eight years.
The burden was on the state to prove that White knowingly and intelligently waived his Miranda rights before making the statement placing him at the scene of the crime. The only evidence of a waiver is Detective Bailey's inconsistent testimony. That testimony alone, not corroborated by Detective Hoyt and self-contradictory, was insufficient to carry the state's heavy burden of proving a waiver. White's statement should have been suppressed.
Allowing White's statement into evidence was not harmless error. White was convicted of raping the second victim. Marshall had left the scene before this occurred. The only evidence that White was present and may have been a third rapist of the second victim was his statement. That statement contributed to his convictions. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), reh'g denied, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241; State v. Bairnsfather, 591 So.2d 686 (La.1991); State v. West, 568 So.2d 1019 (1990). The state failed to prove that admission of White's statement was harmless beyond a reasonable doubt. Arizona v. Fulminante, ___ U.S. ___, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).
For the foregoing reasons, the judgment of the trial court denying Sylvester White post-conviction relief is reversed.
IT IS ORDERED that Sylvester White's oral statement be suppressed. Sylvester White's convictions of forcible rape and aggravated crime against nature are reversed. His sentences are vacated. The matter is remanded to the trial court for further proceedings.
CONVICTIONS REVERSED; SENTENCES VACATED; SUPPRESSION ORDERED; REMANDED.
DENNIS, J., joins and assigns additional reasons.
LEMMON, J., concurs and assigns reasons.
DENNIS, Justice.
I join with the majority in this opinion. The state's burden of showing a knowing and intelligent waiver of constitutional rights, established in Miranda, was never met. There must be strong indicia that such a waiver was made. Tague v. Louisiana, 444 U.S. 469, 100 S.Ct. 652, 62 L.Ed.2d 622 (1980). The evidence in this case does not even rise to the point where it can rebut the presumption that exists against waiver. North Carolina v. Butler, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979).