JiDUFRESNE, Judge.
Kenneth Stone was charged by grand jury indictment with distribution of heroin, (Count 1), and with possession with the intent to distribute heroin, (Count 2), violations of La. R.S. 40:966A(1). Initially, he pled not guilty. Defendant filed several pre-trial motions, including a motion to suppress evidence and statements. After a hearing, the trial court denied the motion to suppress. Defendant withdrew his not guilty pleas and entered pleas of nolo contendré to both counts. Defendant entered his pleas pursuant to State v. Crosby, 338 So.2d 584 (La.1976), and reserved his right to appeal pre-trial errors. After a Boykin examination, the trial court accepted defendant’s nolo contendré pleas. The trial court sentenced defendant on each count to the mandatory sentence of life imprisonment, without benefit of parole, probation or suspension of sentence and with credit for time served. Each sentence was to be served concurrent with the other and concurrent with any other sentence the defendant was serving. Defendant now appeals, urging six assignments of error, which relate to the denial of his motion to suppress.
| ¡FACTS
On August 20, 1993, an undercover surveillance was conducted of defendant’s residence in Gretna after Jefferson Parish Sheriffs Office received information of drug trafficking from a confidential informant. While watching defendant’s residence, agents saw defendant leave his house and drive to a gasoline station in New Orleans. There, defendant parked his vehicle, raised the hood and trunk lid, used the telephone and appeared to be waiting for someone. After approximately 20 minutes, a white male, who obviously did not work at the station, ap *654 proached defendant. Defendant and this man appeared to exchange something and both left the service station. While there, defendant never spoke with anyone employed with the station, did not appear to have any work done on his car and never obtained any gasoline. Defendant made one more stop and then drove back to his residence.
A short time later, a woman and children, later identified as defendant’s wife and grandchildren, left the residence in the same vehicle defendant had used earlier that day. Later that evening, defendant left his home and walked to the parking lot of a nearby shopping center and Shoney’s restaurant. There, defendant met someone in a pickup truck. Defendant opened the passenger door, leaned into the truck and conversed with the driver. After defendant made some kind of hand motions or transaction, the driver left in the truck. Defendant walked to and entered a second truck driven by another man. Then, Jefferson Parish Sheriff deputies stopped this truck and advised defendant of the ongoing investigation for narcotics trafficking.
Subsequently, defendant was asked if he had narcotics in his possession. Defendant admitted that he did and the sheriff deputies ^seized 17 pieces of aluminum foil each containing a substance later identified as heroin. A search of defendant’s residence resulted in the seizure of numerous other items, including currency, pieces of aluminum foil containing a powder substance, and pieces of brown compressed powder. Defendant was arrested and gave a statement- admitting that the heroin belonged to him.

DISCUSSION

In his first assignment of error, defendant contends that his confession was not voluntarily made because it was a result of duress and threats made by the law enforcement personnel. In assignment of error number two, defendant contends that he signed blank Consent To Search and Waiver Of Rights forms. Defendant argues that because the forms were blank when he signed them, the state failed to prove that he knowingly and intelligently waived his right against self incrimination. In assignment of error number three, he argues that without his confession, there was insufficient evidence to support his plea. Additionally, in assignment of error number four, defendant contends that the variations in the police reports and the testimony of police officers during the motion to suppress hearing prejudiced him. He argues that this is an additional reason that the evidence should not have been admitted. By means of assignment of error number five, defendant contends that the trial court erred in admitting into evidence the Consent To Search form and the Waiver Of Rights form, State Exhibit Nos. 1 and 2. In his final assignment of error, defendant contends that the trial court erred in admitting evidence obtained as a result of the search and seizure conducted pursuant to the invalid waiver.
The state argues that the trial court’s ruling denying the motion to suppress is supported by the evidence. It further contends that, in ^denying the motion, the trial court obviously did not believe defendant’s testimony and resolved the issue of credibility of the witnesses in favor of the state.
An arresting officer must advise a person taken into custody of the constitutional right to counsel and the right to remain silent. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Before a statement can be admitted into evidence, the state must prove that it was free and voluntary and not made under the influence of fear, duress, threats or promises. La.R.S. 15:451. If a statement was made during custodial interrogation, the state must also show that the defendant was advised of his constitutional rights as per Miranda, and that he voluntarily and intelligently waived those rights. State v. Weiland, 556 So.2d 175, 177 (La.App. 5th Cir.1990). There is a presumption against waiver which the state must rebut. Tague v. Louisiana, 444 U.S. 469, 100 S.Ct. 652, 62 L.Ed.2d 622 (1980); State v. ex rel. White v. State, 606 So.2d 787 (La.1992). The state must rebut specific testimony introduced by the defendant concerning factual circumstances which indicate coercive measures or intimidation. State v. Vinet, 529 So.2d 1334, 1338 (La.App. 5th Cir.1988).
*655 Unreasonable searches and seizures are prohibited by La. Const, art. 1, Sec. 5. It is well settled that a search conducted without a warrant issued upon probable causéis per se unreasonable subject only to a few specifically established and well-delineated exceptions. State v. Owen, 453 So.2d 1202 (La.1984). One of the specifically established exceptions to the requirements of both a warrant and probable cause is a search conducted pursuant to consent. When the state seeks to rely upon consent to justify the lawfulness of a search, it has the burden of ^proving the consent was given freely and voluntarily. State v. Owen, supra; State v. Ossey, 446 So.2d -280 (La.), cert. denied, 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984). Voluntariness of defendant’s consent to search is a question of fact to be determined by the trial judge from a review of the totality of the circumstances. State v. Ossey, supra; State v. Wiley, 507 So.2d 841, 848 (La.App. 5th Cir.1987). Furthermore, the factual determinations of the trial court on the issue of a consent to search are entitled to great weight on appellate review. State v. Smith, 433 So.2d 688, 693 (La.1983). The trial court’s determination as to the credibility of witnesses are to be accorded great weight on appeal. State v. Wilson, 467 So.2d 503, 518 (La.1985), cert. denied, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985) rehearing denied, 474 U.S. 1027, 106 S.Ct. 585, 88 L.Ed.2d 567 (1985).
Further, the question of whether defendant’s consent was voluntary or the product of coercion or duress, express or implied, is to be determined by the totality of all circumstances. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). State v. White, 554 So.2d 796 (La.App. 5th Cir.1989), writ denied, 558 So.2d 601 (La.1990). State v. Wiley, supra.
At the motion to suppress hearing, Agent Billy Lewis testified that after defendant was stopped, he went to the scene and advised defendant that he was under investigation for narcotics trafficking. He also orally advised defendant of his Miranda rights. Agent Lewis asked defendant if he would cooperate to help himself. Defendant responded affirmatively. Then, while they were still in the parking lot, Lewis gave defendant a Waiver Of Rights form which defendant read. Lewis filled out the form and defendant signed it. He further testified that defendant ^understood the rights and was very cooperative. Defendant agreed to let the agents search his home and also signed a Consent To Search form.
He could not remember the exact sequence, but Agent Lewis believed he asked defendant if he had any drugs in his possession before the forms were signed. Defendant admitted he did and heroin was seized from his pocket. Defendant was then taken to his residence. Sheriff deputies awakened defendant’s nephew, who sat with defendant in the dining room, while a search of the house was conducted. Numerous items were seized. During this search, defendant told the agents where some contraband was hidden. Agent Lewis denied that he or other law enforcement personnel made any promises to, threats, or acts of coercion or duress against defendant. Nor were any threats made against defendant’s nephew. He did not hear anyone tell defendant that his wife and grandchildren would be arrested if he did not sign the consent and waiver forms.
At his home, defendant was asked if he wanted to make a statement and he agreed. Defendant again was advised of his rights and while in the kitchen signed a written statement. (State Exhibit No. 4). On cross-examination, Agent Lewis denied that the Consent to Search form and Waiver of Rights form were executed inside defendant’s residence. The officer did not recall the manner in which defendant was handcuffed or if defendant signed the forms while being handcuffed in the front.
Defendant testified that after he was stopped, he was handcuffed behind his back. The police refused to give him his glasses, which were thrown to the ground when he was handcuffed. No one advised him of his rights or patted him down. He was put in a police vehicle and driven to his home. Defendant further testified that the police threatened toj^arrest his family if he did not sign blank forms waiving his rights, consenting to the search of his home, and giving a statement about the offenses.
In this matter the trial judge faced a credibility choice and obviously found that *656 the testimony of the state’s witnesses was more credible than that of the defendant. The totality of the evidence including the testimony of Agent Lewis and the documentary evidence shows that defendant was advised of his constitutional rights before he gave a statement and that he voluntarily gave the statement and consented to the search of his home. Agent Lewis specifically rebutted defendant’s allegations that he was not advised of his Miranda rights, that he signed blank forms and that he was threatened that his entire family would be arrested if he did not sign the forms. Agent Lewis stated that defendant agreed to cooperate with the sheriffs deputies, voluntarily signed the completed forms and voluntarily gave a statement. The agent also denied making any threats to defendant.
Based upon our review of the record, we cannot say the trial judge erred in finding that defendant voluntarily waived his rights when he gave the statement and that he voluntarily consented to the search. Since defendant voluntarily gave the statement after he was advised of his rights and voluntarily consented to the search, the trial court correctly denied the motion to suppress.

ERROR PATENT REVIEW:

We find no errors of such a nature as to require reversal of defendant’s conviction.
Accordingly, the defendant’s conviction and sentence are affirmed.

CONVICTION AND SENTENCE AFFIRMED.