SUSAN M. CHEHARDY, Chief Judge.
li>On appeal, defendant challenges the trial judge’s ruling denying his motion to suppress evidence. Based on the following, we vacate that ruling and remand for further proceedings consistent with this opinion.

Facts and Procedural History

This case arises out of a guilty plea so the relevant facts were gleaned from the record before us. During the plea colloquy, defendant admitted that, “on or about March 18, 2012 in the Parish of St. James, [he] committed the offense of possession of a schedule IV controlled dangerous substance by having in [his] possession a *834 schedule IV Alprazolam without a valid prescription.”
On April 24, 2012, the St. James Parish District Attorney filed a bill of information charging defendant, Richard Sehexnayder, with possession of alprazolam (Schedule IV), ⅛ violation of La. R.S. 40:969(C) and possession of eyclobenzaprine, in violation of La. R.S. 40:1238.1. Defendant moved to suppress the evidence, which was denied on January 13, 2014.
On April 8, 2014, pursuant to a plea agreement that is set forth in this record, defendant pled guilty as charged to possession of alprazolam,[1] reserving his right under State v. Crosby, 338 So.2d 584 (La.1976), to appeal the trial judge’s denial of his motion to suppress. That day, the trial judge imposed a five-year sentence, which he then suspended, and placed defendant on supervised probation for five years. Defendant filed a timely motion for appeal on April 17, 2014, which was granted.

Law and Argument

On appeal, defendant raises three assignments of error: first, the district court erred in considering the narrative report of Lieutenant Claude Louis, and his interview of defendant; second, the district court erred in considering the State’s Memorandum in Opposition of the Motion to Suppress; and third, the district court erred in rendering a judgment denying defendant’s Motion to Suppress.
As defendant’s third assignment of error encompasses his other assignments, we will begin there. Defendant argues that the trial judge erred by denying his motion to suppress because the trial judge relied on evidence that was not introduced at any of the hearings to support his ruling. We agree.
In this case, defendant filed a motion to suppress evidence seized from his vehicle and/or his residence and statements he made after his arrest. At the first suppression hearing, Deputy Joseph Spadoni of the St. James Parish Sheriffs Office testified that, on March 18, 2012, he responded to a call from a citizen requesting help at her residence because a curly-haired, white male wearing a blue shirt was attempting to gain entry into her house through the back door. Upon his arrival, Deputy Spadoni found a subject matching the description of defendant. When Deputy Spadoni asked defendant if he had any identification, defendant stated that it was on the table in his travel trailer, which was parked next door. Deputy Spa-doni asked defendant to get his ID, and defendant answered, saying, “You can go inside and get it.”
|4Peputy Spadoni went into the trailer and, in plain view on the table, saw defendant’s identification next to a clear, plastic bag containing a green leafy substance, which looked like marijuana. When Deputy Spadoni entered the travel trailer, he could smell an odor of marijuana inside. Deputy Spadoni immediately exited the travel trailer and contacted Lieutenant Tyrone Lafargue, who contacted Lieutenant Claude Louis. Both Lieutenant La-fargue and Lieutenant Louis came to the scene. When Lieutenant Louis arrived on the scene, Deputy Spadoni, who had detained defendant in the rear of his patrol unit, left the scene and took defendant to the hospital.
On cross-examination, Deputy Spadoni recalled testifying, on January 8, 2013, at the preliminary examination in this case.[2] *835 Deputy Spadoni recalled, that during his testimony at that hearing, he stated, that, on the night in question, “[Defendant] wasn’t all there. He appeared to be under the influence of narcotics. He didn’t know where he was at. He didn’t know what he was doing. He could barely even speak to us. We could barely understand what he was saying.” Deputy Spadoni also confirmed that, at the preliminary examination, he reported that he had to hold defendant up to help him walk, that it was very hard to understand anything defendant was saying, and that defendant was sweating “a lot.” Deputy Spadoni indicated that, though he did not see defendant take any pills, drink any alcohol, or use any drugs, he brought defendant, who looked like he was under the influence of narcotics, to the hospital to have him examined by a doctor.
Following Deputy Spadoni’s testimony, the State, upon learning that Lieutenant Louis was ill, asked the trial judge to hold open and continue the suppression hearing until the State could get Lieutenant Louis to court. [ .^Subsequently, the State filed a memorandum in opposition to the motion to suppress, which quoted sections of Lieutenant Louis’ narrative report regarding the incident. The report, which referred to, among other things, an interview with defendant conducted by Lieutenant Louis, indicated that defendant recalled very specific details of the events of that evening.
Subsequently, defendant filed a supplemental memorandum in support of his motion to suppress challenging any use of Lieutenant Louis’ report because the report had not been introduced into evidence and defendant had not had an opportunity to cross-examine Lieutenant Louis on his testimony or the report. Defendant argued that the information contained in the State’s opposition should be stricken and not considered by the trial judge.
On January 13, 2014, the trial judge issued a written judgment denying the motion to suppress evidence in this case. On January 16, 2014, the trial judge issued written reasons for judgment, which reflected that he had relied on Lieutenant Louis’ report to find that defendant’s consent given to Deputy Spadoni had not been vitiated by his intoxication.

Discussion

The Fourth Amendment of the U.S. Constitution and Article I, § 5 of the Louisiana Constitution protect individuals from unreasonable searches and seizures. State v. Manson, 01-159 (La.App. 5 Cir. 6/27/01), 791 So.2d 749, 755, cert. denied, 01-2269 (La.9/20/02), 825 So.2d 1156. If evidence is derived from an unreasonable search or seizure, the proper remedy is to exclude the evidence from trial. State v. Boss, 04-457 (La.App. 5 Cir. 10/26/04), 887 So.2d 581, 585. It is well settled that a search conducted without a warrant issued upon probable cause is per se unreasonable subject only to a few specifically established and [fiwell-delineated exceptions. State v. Stone, 94-155 (La.App. 5 Cir. 7/26/94), 641 So.2d 652, 655, writ denied, 95-631 (La.1/6/97), 685 So.2d 129.
Consent to search constitutes one of the exceptions to the probable cause and warrant requirements of the Fourth Amendment when it is freely and voluntarily given by a person who possesses common authority over or other sufficient relationship to the premises or effects sought to be inspected. State v. Nicholas, 06-903 (La.App. 5 Cir. 4/24/07), 958 So.2d 682, 687. When the State relies on consent to justify a warrantless search, it has the burden of proving the consent was freely and voluntarily given. La. C.Cr.P. art. 703(D); State v. Enclade, 03-353 (La.App. 5 Cir. 9/16/03), 858 So.2d 8, 15. Vol-untariness of a defendant’s consent to search is a question of fact to be deter *836 mined by the trial judge from a review of the totality of the circumstances. Id. The factual determination of the trial court on the issue of voluntariness of a party’s consent to search is entitled to great weight on appellate review. Id. Furthermore, the trial court’s determination as to the credibility of witnesses is to be accorded great weight on appeal. Id.
Intoxication is a factor that can be considered in determining whether consent was voluntary. State v. Owens, 480 So.2d 826, 831 (La.App. 2nd Cir.1985), writ denied, 486 So.2d 748 (La.1986). The degree of intoxication is but one of the circumstances to which the trial judge must look in assessing the voluntariness of the consent to search. State v. Edwards, 434 So.2d 395, 398 (La.1983). The fact that an accused has been using alcohol, though certainly a relevant factor to the determination, will not alone render the consent involuntary. State v. Strange, 334 So.2d 182, 184 (La.1976).
In this case, where the voluntariness of his consent to search is raised by defendant, we find that the record before us is insufficient to review the totality of the circumstances. Based upon our review, we cannot determine whether the trial |7judge reviewed Lieutenant Louis’ narrative report and/or the transcript of the preliminary examination prior to denying the motion to suppress. As such, we vacate the denial of defendant’s motion to suppress and remand this matter with instructions for the trial judge to re-open the suppression hearing to receive testimony and evidence from further witnesses, including but not limited to Lieutenant Louis. See State v. Kennedy, 438 So.2d 210, 212-213 (La.1983); State v. Jackson, 424 So.2d 997 (La.1982); State v. Brown, 558 So.2d 1226, 1230 (La.App. 1 Cir.1990) (“Because the incompleteness of the record could probably be eliminated by another hearing on the motion to suppress, we find appropriate the procedure of remand for a reopened hearing on the motion.”); State v. Williams, 536 So.2d 612 (La.App. 1 Cir. 1988) (where the appellate court remanded the case and ordered the trial court to reopen the hearing on the motion to suppress and allow defense counsel to introduce into evidence the tapes of the defendant’s confession which were provided to the trial court for consideration at the suppression hearing); State v. Sterling, 444 So.2d 273, 281 (La.App. 1 Cir.1983) (“However, when an error has occurred in an evidentiary ruling during a hearing on a motion to suppress a confession, the recent practice of the Louisiana Supreme Court has been to remand the motion for a reopened hearing to correct the error.”)
We therefore remand this case to the district court to re-open the motion to suppress in this case. We reserve to defendant the right to appeal any adverse ruling on the motion. In the absence of such an appeal, his conviction and sentence will be affirmed.

VACATED AND REMANDED

. Pursuant to that' same plea agreement, the State nolle prossed the felony charge of possession of eyclobenzaprine and several misdemeanor charges, including possession of marijuana or synthetic cannabinoids, first offense, and possession of drug paraphernalia.

. A transcript of the preliminary examination was not included in the appellate record.