BRYSON BOWMAN

VERSUS

STATE OF LOUISIANA

NO. 23-K-405

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

October 02, 2023

Linda Wiseman
First Deputy Clerk

IN RE BRYSON BOWMAN

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JUNE B. DARENSBURG, DIVISION "C", NUMBER 23-104

Panel composed of Judges Fredericka Homberg Wicker, Jude G. Gravois, and Marc E. Johnson

**WRIT GRANTED FOR LIMITED PURPOSE; JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS**

Relator, Bryson Bowman, seeks review of the trial court's May 25, 2023 ruling that denied his motion to suppress evidence.

In his writ application, Defendant contends that there was no testimony presented at the hearing to demonstrate that a protective sweep of the residence—which led to the discovery of the evidence at issue—was necessary. He asserts that he was arrested approximately ten minutes away from the residence.[1] He mentions that the State did not call Detective Di Giovanni or any of the other arresting officers to testify. Further, Defendant avers that he was in custody before they entered the residence, displacing any argument that exigent circumstances may have existed. He asks that all the evidence gathered against him during that search, as well as any

---

[1] The State posits that this is a typographical error since defense counsel also claims that Defendant was arrested at his front door. The State asserts that the record "bears out" Defendant was arrested at the front door of his apartment. However, neither party cites to the record in support of its assertions as to the physical location of Defendant at the time of his arrest. The evidence presented at the suppression hearing only shows that Defendant was arrested at "2300 Edenborn Avenue, Building 1, Apartment 358, in Metairie, Louisiana."

evidence obtained as a result of information obtained during that search, be suppressed.

The State responds that the trial court did not err in denying the motion to suppress the evidence. The State provides that the crux of Defendant's argument is that the police allegedly had no lawful reason to conduct the protective sweep that led to the discovery of narcotics and paraphernalia inside the residence. The State contends that this argument is meritless because protective sweeps are routine for officer safety. Alternatively, even if the protective sweep was improper, the State argues that the inevitable discovery doctrine dictates that suppression is inappropriate. The State avers the officers would have inevitably secured a search warrant to find evidence of Defendant's firearm offenses for which he was arrested.

At the May 25, 2023 suppression hearing, the State called Detective Cody Foret with the narcotics division of the Jefferson Parish Sheriff's Office to testify. Detective Foret provided that in November 2022, he was contacted by Detective Pat Di Giovanni of the Marshal's Task Force who notified him that he was serving an Orleans Parish arrest warrant for Defendant, and suspected narcotics were discovered. Detective Foret then responded to the scene at Edenborn Avenue. Detective Foret testified that he spoke with Detective Di Giovanni, who explained why the members of the task force were present and showed him the arrest warrant. Afterwards, Detective Di Giovanni showed him the suspected cocaine and marijuana, which was located on the bathroom floor.

Detective Foret then applied for a search warrant of the apartment located at 2300 Edenborn, Building One, Apartment 358. He confirmed that a "judge and/or commissioner" signed the warrant. When asked what items were seized as a result of that warrant, Detective Foret answered "Cocaine, marijuana, crack cocaine, United States currency, as well as some paraphernalia, and digital scale." He provided that at the scene, Detective Di Giovanni only told him about the "drugs on

the floor in the bathroom in plain view." The prosecutor asked, "When you conducted the search of this home, where else did you find drugs in this house?" Detective Foret specified "narcotics" were found on the nightstand, inside of the kitchen drawer, and inside of a microwave, which was located inside of a closet.

Detective Foret explained on cross-examination that he did not participate with Detective Di Giovanni in the execution of the arrest warrant and was not present at the time of the protective sweep. He confirmed that members of the task force located suspected narcotics when they conducted a protective sweep of the residence, and he was subsequently contacted. Defense counsel asked whether Detective Foret was "aware of the fact that when Detective Di Giovanni executed this arrest warrant, that Mr. Bowman answered the door? Did he tell you that?" Detective Foret replied that he was not aware. Defense counsel further asked, "So, if I told you that Detective Di Giovanni arrested him. He was taken into custody outside of the house, you wouldn't be able to dispute that, would you?" Detective Foret denied he could answer as to what happened before his arrival. He confirmed he knew the nature of a protective sweep when an individual was arrested in a residence. He explained that the purpose of the protective sweep was to make contact with other occupants and for officers' safety.

Detective Foret testified that he knew the officers "made contact" with Defendant's girlfriend, Daron Singleton, and her infant son inside the apartment. He agreed that he could not inform the court of specific facts which would have led Detective Di Giovanni to conduct a "protective search." He further agreed he would be speculating as to whether there was any danger posed to Detective Di Giovanni and members of the task force at the time of Defendant's arrest. He asserted that only a protective sweep was conducted to his knowledge and that drugs were discovered in "plain view" on the bathroom floor.

Detective Di Giovanni was not present at the hearing to testify.

As a general rule, searches and seizures must be conducted pursuant to a validly executed search warrant or arrest warrant. *State v. Holmes*, 08-719 (La. App. 5 Cir. 3/10/09), 10 So.3d 274, 278, *writ denied*, 09-816 (La. 1/8/10), 24 So.3d 857. When evidence is seized pursuant to a search warrant, the defendant bears the burden of proof at a hearing on his motion to suppress that evidence. La. C.Cr.P. art. 703(D); *State v. Williams*, 20-46 (La. App. 5 Cir. 12/30/20), 308 So.3d 791, 825, *writ denied*, 21-316 (La. 5/25/21), 316 So.3d 2. Conversely, the State bears the burden in establishing the admissibility of the evidence seized without a warrant. La. C.Cr.P. art. 703(D); *State v. Salinas*, 17-485 (La. App. 5 Cir. 7/6/18), 251 So.3d 1166, 1174. When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the State bears the burden of proving that the search and seizure was justified pursuant to one of the exceptions to the warrant requirement. La. C.Cr.P. art. 703(D); *Williams*, *supra*; *State v. Joseph*, 02-717 (La. App. 5 Cir. 6/27/03), 850 So.2d 1049, 1052, *writ denied sub nom. State ex rel. Joseph v. State*, 04-2404 (La. 6/17/05), 904 So.2d 686. Here, Defendant asserts that all of the evidence seized by the officers should be suppressed because the protective sweep that led to the discovery of the narcotics in plain view was an unlawful search.

After review, based upon the evidence presented at the hearing, we find that the record before us is insufficient to review the totality of the circumstances. There were limited details surrounding Defendant's arrest and the initial entry into the residence presented to the trial court. The writ application does not disclose Defendant's physical location at the apartment at the time of his arrest, the layout or size of the apartment, and the location of the bathroom where the narcotics were found. Additionally, Detective Foret's testimony and the search warrant do not specifically disclose when and where the items listed in the return were recovered. Furthermore, the trial judge did not specifically address the issue of whether the

protective sweep was lawful.  As such, we find that full consideration of this matter requires more information to determine whether the evidence should be suppressed.

In regards to the State's argument that the evidence would have been inevitably discovered, at this point, there is no evidence in the record that the officers executing the arrest warrant intended to obtain a search warrant for the apartment to attempt to uncover evidence of the alleged crimes committed in Orleans Parish.

Accordingly, we vacate the denial of Defendant's motion to suppress and remand this matter to the trial court with the instruction to re-open the suppression hearing to receive testimony and evidence from further witnesses, including but not limited to Detective Di Giovanni.  *See*, *State v. Schenayder*, 14-479 (La. App. 5 Cir. 12/30/14), 167 So.3d 832, 836.

Gretna, Louisiana, this 2nd day of October, 2023.

**MEJ**
**FHW**
**JGG**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/02/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-K-405**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable June B. Darensburg (DISTRICT JUDGE)
Thomas J. Butler (Respondent)            Kathrine E. Ellis (Relator)
                                         Darren A. Allemand (Respondent)

### MAILED

James A. Williams (Relator)              Honorable Paul D. Connick, Jr.
Attorney at Law                          (Respondent)
706 Derbigny Street                      District Attorney
Gretna, LA 70053                         Twenty-Fourth Judicial District
                                         200 Derbigny Street
                                         Gretna, LA 70053

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

Cindy Moody    10/4/23

1. Article Addressed to:

James A. Williams
Attorney at Law
706 Derbigny Street
Gretna, LA 70053
23-K-405          10-02-23

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 2434 6249 3571 60

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7363

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt